

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

- against –

ROHAN MAHABEER

Defendant.

---

08-CR-420

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

JACK B. WEINSTEIN, Senior United States District Judge:

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted). Although a written statement of reasons pursuant to

1

18 U.S.C. § 3553(c)(2) is not necessary when the court imposes a guidelines sentence, the statement may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

On August 7, 2008, Rohan Mahabeer pled guilty to a single-count information that charged that between January 2001 and October 16, 2007, the defendant, together with others, conspired to import 500 grams or more of cocaine into the United States, in violation of 21 U.S.C. §§ 963, 960(a)(1) and 960(b)(2)(B)(ii).

Mahabeer was sentenced on March 4, 2010. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

The court finds the total offense level to be seventeen and defendant's criminal history category to be category I, yielding a guidelines range of imprisonment of between twenty-four and thirty months. The offense carried a minimum term of imprisonment of five years and a maximum term of imprisonment of forty years. 21 U.S.C. § 960(b)(2)(A). It was conceded by the defendant and the government, and the court found, that all statutory requirements for the "safety valve" under 18 U.S.C. § 3553(f) had been met, and the statutory minimum sentence did not apply. The guidelines provided a maximum fine of $2,000,000. The guidelines range of fine was from $5,000 to $2,000,000. The underlying complaint was dismissed on motion by the government.

Mahabeer was sentenced to nine months' imprisonment and four years' supervised release. A $100 special assessment was imposed. No fines were imposed because the defendant does not, and will not in the future, have assets to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court departed from the guidelines pursuant to the government's 5K1.1 letter, and in light of the fact that Mahabeer's cooperation has lead to the arrest and successful prosecution of the ring leader of an illegal drug importation scheme and of several corrupt American Airlines employees. 18 U.S.C. § 3553(e).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). The offense of assisting in the illegal importation of narcotics was serious, particularly because the defendant abused a position of great responsibility relating to the security of airports. Defendant is remorseful. He voluntarily pled guilty to a charge more serious than that with which he was originally charged. He has cooperated with the government, and the information he provided has proved useful and productive. Defendant has a good work record and a supportive family, including his wife and two daughters. A sentence of nine months' imprisonment and four years' probation reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is critical in the context of corruption among airport employees, and is satisfied with the sentence imposed. It is necessary to send a clear message that security at our nation's airports is essential, and that compromising that security for personal grain will result in a substantial prison sentence. Specific deterrence is achieved through incapacitation and the impact of this conviction on defendant's employability. It is unlikely that he will engage in

further criminal activity in light of his remorse and his strong family ties, including the effect of his involvement in this crime on his family and his need to support them upon his release.

_____
Jack B. Weinstein
Senior United States District Judge

Dated: March 5, 2010
      Brooklyn, New York